PREW, Respondent, v. SOUTH DAKOTA CENTRAL RAIL-
WAY COMPANY, et al, Appellants.

(156 N. W. 582.)

(File No. 3829.    Opinion filed March 4, 1916.    Rehearing denied
April 11, 1916.)

1.  Evidence—Shortage in Goods Shipment—Conversation With Railway Agent—Competency—Res Gestae.

Where plaintiff sued for value of goods lost in railway shipment, held, that plaintiff's testimony that she asked the station agent at destination station about the goods short, that he took the freight bill to the freight room to see the man who had delivered the goods to the drayman, that he returned and said that they were short, that he said the checker told him there was a shortage, and that the agent instructed the cashier to mark them so, in witness' presence, was admissible, such statement of the agent having been made while investigating such shortage, and his acts being within the scope of his duties.

2.  Same—Admissions—Goods Lost in Shipment—Testimony of Former Railroad Agent, Competency.

In a suit for damages for value of goods lost in railroad shipment, held, that the testimony of the former agent at destination point of defendant railroad, that he was agent in receiving shipments at the time in question, that plaintiff had the freight bill and called his attention to the shortage, that he directed the cashier to investigate, and that he reported to witness that the articles were short according to the waybill, was competent as showing what occurred while witness was agent acting within the scope of his employment; such testimony not being an unsworn-to statement or admission of

an agent after his employment ceased, or after the transaction had terminated.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by Delia A. Prew, against the South Dakota Central Railway Company and another, to recover the value of goods lost in shipment. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

See, also, 35 S. D. 601, 153 N. W. 765.

*Joe Kirby,* for Appellants.

*Krause and Krause,* for Respondent.

(1) To point one of the opinion, Respondent cited:1 Greenleaf on Ev. Sec. 113 and Sec. 714. Story on Agency, sections 134 and 137, and note. Meacham on Agency, Sec. 714; 16 Cyc. 1021 and note 69 on p. 1022, and cases cited; 2 Wigmore on Ev., quotation in Sec. 1078 on p. 1278; Burnside vs. Grand Trunk Ry. Co., 47 N. H. 554; 93 Am. Dec. 474; Baltimore & O. R. R. Co. v. Campbell 36 Ohio St. 647, 38 Am. Rep. 617; Gott vs. Dinsmore, 111 Mass. 45; Note to 53 Am. Dec. 774, and many cases cited.

(2) To point two of the opinion, Appellants cited: First Natl. Bk. v. North, 6 Dak. 139; 7 Labatt Master & Servant, Sec. 2541; Boston & Maine R. R. vs. Ordway, 5 N. E. (Mass.) 627; La Rue vs. Elevator Co., 3 S. D. 637-643; Klingman vs. Fish & Hunter Co., 19 S. D. 139-147.

McCOY, J. This action was brought by plaintiff against defendant railway company to recover the value of a part of a shipment of household goods which she claims was lost during shipment. There was verdict, and judgment for plaintiff, and defendant appeals, assigning various errors.

[1] Appellant first assigns as error the admission in evidence of a conversation between plaintiff and one Severs. The shipment of goods in question was made from Hayti to Sioux Falls, stations on defendant's line of railway within this state. Plaintiff testified that:

When she found the shortage in her goods to exist she went to the depot to inquire of Mr. Severs, the station agent in the city of Sioux Falls. "I asked him about the goods short, and he took my freight bill and went into the freight room to see the man who

had delivered the goods to the drayman; he came back and said they were short, and he instructed his cashier to mark them so on the freight receipt; he said the checker told him there was such shortage and he instructed the cashier to mark the shortage; this was done in my presence."

This conversation was all objected to on the ground that it was hearsay. We are of the opinion that the court committed no error in overruling such objections. Plaintiff had the right to make inquiries of defendant as to such shortage, and the station agent in charge of defendant's freight room at the terminal shipping station was the proper person of whom to make inquiry, and what he said to plaintiff on this occasion was within the scope of the duties of such station agent; these statements were made while he was agent and while he was investigating plaintiff's alleged shortage; as to this shortage his duties had not ceased in relation thereto, and statements made by him while investigating such shortage were within the scope of his employment and binding on defendant.

[2] Severs, as a witness for plaintiff, testified:

"I am now station agent for the Illinois Central at Dubuque. During 1912 and to May, 1913, I was local freight and passenger agent at Sioux Falls and represented the defendant company at that place in loading, forwarding, and shipping, and in receiving shipments moving over that road. I met plaintiff at the freight depot in Sioux Falls about the shortage of shipment of household goods; she had either the bill of lading or freight bill with her. She called my attention that she was short a few pieces. I did not personally investigate the shortage, but directed the cashier to do so, and if short to make notation on the freight bill. He reported to me verbally that the articles were short according to the waybill."

All this testimony was objected to as incompetent, and not binding on the defendant, and motion was made to strike same from the record. We are of the opinion the court properly overruled the objections and motion to strike. This testimony was not an unsworn-to statement or admission made by an agent after he ceased to be such agent, or after the termination of the transaction to which it related, but was the sworn testimony of the agent

as to what occurred while he was agent acting within the scope of his employment.

Other assignments of error are made in relation to motion for directed verdict, and instructions of the court, and the rejection and reception of testimony, all of which assignments have been carefully considered. There was a conflict in the testimony as to whether or not the shipping bill had been altered and changed subsequent to plaintiff's claim for shortage. The extent of defendant's liability and the effect of some of the testimony depended upon the finding of the jury as to what was the character and contents of the shipping bill at the time of shipment. We are of the view that the issues were fairly and properly submitted to the jury by the instructions of the court. It will serve no useful purpose to further refer to this class of assignments of error.

Finding no error in the record, the judgment and order appealed from are affirmed.